**Affirmed and Opinion Filed March 12, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00886-CR

### DENNY EDWARD MILLER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 59th Judicial District Court
### Grayson County, Texas
### Trial Court Cause No. 072748

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Goldstein

Denny Edward Miller appeals his aggravated sexual assault of a child conviction. A jury convicted appellant and sentenced him to forty years' confinement. In a single issue, appellant argues the trial court erred in overruling his objection to expert testimony that the child complainant had not been coached. We affirm the trial court's judgment.

Because appellant does not challenge the sufficiency of the evidence to support his conviction, only a brief recitation of the facts is necessary. In November 2020, appellant was charged by indictment with aggravated sexual assault of a child.

In three counts, the indictment alleged appellant "intentionally or knowingly cause[d] the penetration of the sexual organ of A.C., a child who was then and there younger than 14 years of age, by" appellant's sexual organ and appellant's finger and, "with the intent to arouse or gratify the sexual desire of the defendant, engage[d] in sexual contact with A.C., by touching the breast of the victim, a child younger than 17 years of age."

At trial in May 2022, A.C. testified she was fifteen years old at the time of trial and, when she was thirteen years old, appellant came to live with A.C. and her parents. On the night of the assault, A.C. went to appellant's room and watched a movie with him. Appellant "started grabbing" A.C. and pushed her down on the bed. Appellant took off A.C.'s shorts and underwear and "started fingering" her, which she clarified meant "sticking his fingers inside" her vagina. Appellant also put his penis inside A.C.'s vagina and reached under her shirt and squeezed her breast. Appellant stopped when he "ejaculated inside" A.C.

Dana Reynolds testified she is the program director at the Grayson County Children's Advocacy Center and is also a forensic interviewer. Reynolds interviewed A.C. three times. The prosecutor asked Reynolds if she had ever "encountered a child who looks coached in an interview." Reynolds testified she had. The prosecutor asked "what does it look like?" and defense advised he was going to object. At a bench conference outside the hearing of the jury, appellant raised the following objection:

Your Honor, I would object to any question about coaching. I think that borders on the area of her vouching for her credibility by saying she hadn't been coached or indicating that she hasn't been coached. I think that's a comment on credibility.

The trial court then took a break for lunch. During the break, outside the presence of the jury, the trial court overruled the objection. The trial court instructed the prosecutor, "I just want to make sure I caution you, [prosecutor]. Please do not elicit from the witness whether the child's truthful." The trial court further cautioned the prosecutor: "[a]nd only information that is going to be helpful – based upon her experience and expertise – that would be helpful to the jury in making a decision today."

With the jury returned to the courtroom, the following exchange between the prosecutor and Reynolds took place:

Q. Ms. Reynolds, before the break, I had asked you in your training and experience had you ever encountered a child during a forensic interview who had appeared to have been coached?
A. Yes.
Q. Okay. What does it look like?
A. Every child is different, but some characteristics may be they are -- they sound very scripted or throughout the interview they may change what they're saying, not stay consistent, or they are not -- they don't provide very many details.

The prosecutor asked Reynolds whether, at a "second interview" on September 14, 2020, "[A.C.] appear[ed] to have been coached?"[1] Reynolds answered, "No" and testified that A.C. gave details about the abuse, and those details included sensory

---

[1] Defense counsel renewed his "objection for the record," which the court overruled.

details.  Reynolds testified "[s]ensory details are anything that may be something they hear, they smelled, or they felt."  At the conclusion of trial, the jury found appellant guilty of counts one and two alleging aggravated sexual assault and not guilty of count three alleging indecency with a child by sexual contact.  This appeal followed.

In a single issue, appellant argues the trial court erred in overruling appellant's objection and admitting Reynolds' testimony about "coaching" because that testimony was an inadmissible opinion on A.C.'s truthfulness.  Appellant asserts he was harmed by this testimony because credibility was the central issue in the case.

An appellate court reviews a trial court's decision to admit expert testimony for an abuse of discretion.  *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019).  A trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably.  *Id.*

Rule 702, Testimony by Expert Witnesses, provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

Tex. R. Evid. 702.

Expert testimony which assists the jury in determining an ultimate fact is admissible, but expert testimony which decides an ultimate fact for the jury, such as "a direct opinion on the truthfulness of the child," crosses the line and is not

admissible under Rule 702. *Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993). However, while an expert's testimony that a child witness is truthful is inadmissible under Texas Rule of Evidence 702, an expert's opinion on signs of coaching or manipulation may assist the trier of fact and may therefore be admissible. *See Schutz v. State*, 957 S.W.2d 52, 73 (Tex. Crim. App. 1997) ("We hold that [the expert's] testimony that the complainant did not exhibit the traits of manipulation did not constitute a direct comment upon the truth of the complainant's allegations."); s*ee also White v. State*, No. 05-21-00901-CR, 2022 WL 2763357, at *3 (Tex. App.—Dallas 2022) (testimony describing "red flags" and asserting child did not exhibit any red flags or signs of exaggeration not direct comment on complainant's truthfulness.).

Here, in keeping with the trial court's express admonition, the prosecutor did not seek to elicit from Reynolds an opinion on whether A.C. was truthful. Instead, Reynolds testified only that A.C. did not "appear to have been coached," followed by an explanation of sensory details. On this record, we conclude this testimony did not constitute a direct comment upon the truth of the complainant's allegations. *See Schutz*, 957 S.W.2d at 73. Accordingly, the trial court did not abuse its discretion in admitting this testimony. *See Rhomer*, 569 S.W.3d at 669. We overrule appellant's single issue.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein//
230886f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)
BONNIE LEE GOLDSTEIN
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DENNY EDWARD MILLER,
Appellant

No. 05-22-00886-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 072748.
Opinion delivered by Justice
Goldstein. Justices Garcia and Miskel
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of March, 2024.